Date Signed:
July 28, 2015




UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ALVIN K. WOODS,<br><br>Debtor. | Case No. 14-00039<br>Chapter 7 |
| VICTORIA SEBETICH,<br><br>Plaintiff,<br><br>vs.<br><br>ALVIN K. WOODS,<br><br>Defendant. | Adv. Pro. No. 14-90019<br><br>Related Dkt. No. 87 |

## ORDER DENYING MOTION FOR ATTORNEYS' FEES

In this adversary proceeding, plaintiff Victoria Sebetich sought (1) a determination that her claims against Alvin K. Woods are not dischargeable in bankruptcy under sections 523(a)(2) and (a)(6) of the Bankruptcy Code, and (2) revocation of Mr. Woods' discharge under section 1330(a). After trial, I ruled in

favor of Mr. Woods.[1]

Mr. Woods now seeks an order requiring Ms. Sebetich to pay the portion of his attorneys' fees that he says are attributable to the section 523(a)(2) nondischargeability claim. He relies on section 523(d) of the Bankruptcy Code, which provides:

> If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.[2]

By its terms, this provision only applies to Ms. Sebetich's claims under section 523(a)(2). There is no comparable provision for fee-shifting applicable to section 523(a)(6) or 1330(a). Therefore, Mr. Woods does not seek to recover the fees he says are allocable to those issues.

Under section 523(d), the debtor bears the burden of proving that the creditor sought a determination of nondischargeability, that the debt was a consumer debt, and

---

[1]Dkt. 80.

[2]11 U.S.C. § 523(d).



U.S. Bankruptcy Court - Hawaii #14-90019 Dkt # 98 Filed 07/28/15 Page 2 of 5

that the debt was discharged.[3] Mr. Woods has carried this burden.

The burden then shifts to Ms. Sebetich to prove that her position was "substantially justified," meaning that it had a reasonable basis in law and fact.[4] The creditor must show more than that the claim was not frivolous or asserted in bad faith.[5] The inquiry is not limited to examining the creditor's decision to file the action; rather, the court can find a lack of substantial justification if the plaintiff "proceeded with its case past a point where Plaintiff knew or should have known that it could not carry its burden of proof."[6]

Ms. Sebetich's case under section 523(a)(2) had a reasonable basis in fact and law. Mr. Woods did not dispute the legal proposition that a debtor commits actual fraud within the meaning of that section when the debtor makes a promise that the debtor does not intend to perform. Mr. Woods also did not dispute the fact that he promised to pay Ms. Sebetich, his aunt, $500,000 for the property, but actually paid only $150,000. It is also clear that Mr. Woods had no ability, and made no serious effort, to repay the remaining $350,000. Ms. Sebetich had a reasonable basis to think that the court might infer from these facts that Mr. Woods never actually intended to

---

[3] *American Sav. Bank v. Harvey (In re Harvey)*, 172 B.R. 314, 317 (B.A.P. 9th Cir. 1994).

[4] *First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1103 (9th Cir. 2001).

[5] *Harvey,* 172 B.R. at 318.

[6] *Id.* at 319, *quoting In re Shurbier*, 134 B.R. 922, 928 (Bankr. W.D. Mo. 1991).



U.S. Bankruptcy Court - Hawaii #14-90019 Dkt # 98 Filed 07/28/15 Page 3 of 5

repay her. I did not find that the evidence warranted that inference, but her claim had a reasonable basis nonetheless.

Even if her position were not "substantially justified," Ms. Sebetich could avoid liability by establishing that "special circumstances" exist. The phrase "special circumstances" refers to "traditional equitable principles."[7] Special circumstances might exist, for example, in "a situation where a debtor's improper action or inaction made it impossible or unduly difficult for a creditor to identify the deficiencies that rendered its case meritless."[8]

I need not reach the issue of special circumstances because I have determined that Ms. Sebetich's case was substantially justified. If it were necessary for me to consider special circumstances, I probably would not find that special circumstances exist. Mr. Woods did nothing to impede Ms. Sebetich's investigation of her case and is not guilty of any other relevant inequitable conduct. It is tempting to say that the family relationship between the parties is a "special circumstance"; an award of attorneys' fees would deepen the rift within the family. But the family relationship is probably not a "special circumstance." "[T]he court's authority under § 523(d) to deny attorney's fees on the ground of special circumstances is not "'a license to the

---

[7] *Hunt*, 238 F.3d at 1104.

[8] *Daecharkhom v. Waugh Real Estate Holdings, LLC (In re Daecharkhom)*, 505 B. R. 898, 902 (B.A.P. 9th Cir. 2014).



U.S. Bankruptcy Court - Hawaii #14-90019 Dkt # 98 Filed 07/28/15 Page 4 of 5

bankruptcy judge to make decision[s] on idiosyncratic notions of equity, fair dealing, *or family justice.*"[9]

For these reasons, the motion is DENIED.

END OF ORDER

[9] *Stine v. Flynn (In re Stine)*, 254 B.R. 244, 251 (B.A.P. 9th Cir. 2000) aff'd, 19 F. App'x 626 (9th Cir. 2001) (emphasis added), *quoting Bredgewater Credit Union v. McCarthy (In re McCarthy)*, 243 B.R. 203, 209 (B.A.P. 1st Cir. 2000).



U.S. Bankruptcy Court - Hawaii #14-90019 Dkt # 98 Filed 07/28/15 Page 5 of 5